UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

**FILED**

**DEC 1 2 2017**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| Lupe King, ) | |
| ) | |
| ) | Civil Action 17-cv-1337-SMY-RJD |
| Complainant, ) | |
| ) | Employment |
| ) | |
| v. ) | American with Disabilities |
| ) | |
| ) | |
| DAVID SHULKIN SECRETARY, ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| ) | |
| Agency ) | |
| ) | |

## COMPLAINT

Complaint, **Lupe King**, was subjected to disparate treatment, disparate impact, harassment, retaliation and a prima facie case of discrimination and ADA by James A. Lovell, management: **Heather Hellwig, Kyle Ziegler, Deirdre Desmond, Marti Pope and Meggan Babcock (hereafter referred as James A. Lovell Management Team or Defendant;** and that this harassment was motivated by Lupe King's race, **under 42 U.S.C. § 1981; Title VII, 42 U.S.C. § 2000e et seq.;** Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), Title VII, the Americans with Disabilities Act of 1990, and section 501 of the Rehabilitation Act of 1973, Lupe King was subjected to emotional, psychological and verbal abuse. Complaint, Lupe King belongs to the following protective class:

a) **Over 40**
b) **Disabled**
c) **Minority, African Latina**

**d) female**

ALL Defendant's involved, **James A. Lovell Management Team,** are younger, (with the exception of one, and Caucasian.

I) Lupe King was subjected to disparate treatment, disparate impact, harassment and verbal abuse by Caucasian management and co-workers;

II) James A. Lovell management Team, specifically Deirdre Desmond, Kyle Ziegler and Heather Hellwig subjected Lupe King to disparate treatment, disparate impact a prima facie case of discrimination is responsible under the law for verbal, emotional and psychological abuse of non-superior employees and was made aware and provided with sufficient evidence.

III) In fact, harassment was so pervasive and open by management that non-supervisor employees openly engaged in abusive behavior in their presence without any accountability.

IV) The conduct was so pervasive that a reasonable person in Lupe King's position would find Lupe King's work environment to be hostile and psychologically abusive environment making it extremely difficult to perform work duties.

V) Lupe King was subjected to a prima facie case of discrimination under ADA, disparate impact and disparate treatment; female disabled Caucasian employee was allowed to remain in the work place for **24 months,** while **unable to perform** work duties according Job Description, free of verbal abuse and harassment, verbal before allowing to quietly **'retire'** in lieu of termination.

VI) Heather Hellwig subjected Lupe King to disparate impact suspension using documented disability as criteria for suspension:

    a) Disparate treatment, younger female Caucasian employee openly admitted to verbally abuse of Complainant by calling her derogatory name. Management **failed to hold younger female Caucasian employee accountable for her actions; Complainant received suspension for "unprofessional conduct."**

    b) Disparate treatment: younger female Caucasian employee willfully injured Complaint with Federal equipment; management made aware of 'work place violence; '**_no repercussions nor accountability give to Caucasian employees**

    c) Disparate treatment: younger female Caucasian employees sitting around, openly doing 'hair' in presence of supervisor, Kyle Ziegler,

during working hours, in presences of "donors," including **open Violation of JACHO/OSHA regulations; open beverages in Biohazard environment: no repercussions nor accountability given.**

d) Disparate treatment: younger female Caucasian employees, disregard "executive order" NOT to perform 'Ice Bucket Challenge on Federal Property; one employee performs act while second female employee Video documents event **no repercussions nor accountability given.** Employee was "suspended" without pay for 'medical device malfunction' that inadvertently audio recorded conversation with management.

e) Disparate treatment and disparate impact: Stating 'all co-workers of Complainant' did not get along with Complainant but refused all efforts made by Complainant to resolve any issue via Employee ADR

VII) Defendant subjected Lupe King to disparate impact a prima facie under ADA by ignoring ADA 30-day Timeframe to respond to Reasonable Accommodation request in a timely manner.

VIII) Defendant subjected Lupe King to disparate treatment a prima facie case under ADA by having "legal counsel" decide whether to honor Complainants Reasonable request with no intentions honoring RA request.

IX) Complainant, Lupe King was subjected to disparate impact and disparate treatment in retaliation for filing an EEO complaint.

X) Disparate treatment and disparate impact, violation of Labor Law and denied lunch, compensated after James A. Lovell Management Team subjected Complainant to psychological and verbal abuse for 30+ days.

XI) Lupe King subjected to disparate treatment and disparate impact in violation James A. Lovell FHCC of collective Bargaining agreement of hire between employer/employee causing hostile working environment, undue hardship, mental and emotional anguish making it impossible to work.

XII) Lupe King subjected to disparate treatment and disparate impact a prima facie case of discrimination, whereas EEO Investigator, Linda Harris found Defendant in violation of **23 of Complainants Civil and Disability Rights; 200J-0556-103098.**

XIII) Lupe King subjected to disparate treatment and disparate impact a prima facie case discrimination ADA states: 'An Employer Policy Defining a "Maximum"

length of Leave is subject to Modification and the application of such a policy to automatically terminate an employee after a certain length of time Violates Violate ADA when Employee needs additional leave.
"Existing EEOC guidelines properly prohibit the application of policies automatically terminating employees after they have been on leave for a certain period of time when the employee requires a longer leave…"

XIV) Lupe King subjected to disparate treatment and disparate impact that Defendant retaliations severity increased with each new complaint Lupe King filed.

XV) Lupe King subjected to disparate treatment and disparate impact a prima facie ADA in that she suffered irreversible and permanent disability.

XVI) Lupe King subjected to disparate treatment and disparate impact that causing an adverse tangible employment action as a result of hostile work environment causing significant change in financial and benefit status.

XVII) Lupe King subjected to disparate impact that the Defendant knowledge of hostile work environment pre-Complainant hire and made NO authentic attempts to resolve issue conducive to well-being of Complaint in accordance to **ADA Amendments Act of 2008, ADA Rehabilitation Act, EEOC and Department of Labor and AFGE Employer/Employee Bargaining Agreement.**

*Lupe King*
*6270 Cates 1W*
*UCity, MO 63130*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Complainant's responses to the Agency's requests for admissions were served via email on _12th Dec 17_ to the following:

**Department of Veterans Affairs**

Office of Resolution Management 08O
ATTN: Glenn W. Sebesta - District Manager                **By FAX and MAIL**
2255 Enterprise Drive-Suite 5506
Westchester, IL 60154
**Fax Number: (708) 236.2898**

**Agency Representative**

Michael M. McFatridge – Staff Attorney
Office of Chief Counsel,                            **By FAX and MAIL**
Midwest District – West
VA ILLIANA HEALTH CARE SYSTEM
1900 E MAIN ST
DANVILLE, IL 61832 - 5198
**Fax Number: (217) 554.4831**